IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH W. FARMER, | : CIVIL ACTION |
| [AM-7589]  Petitioner | : |
| | : |
| V. | : |
| | : |
| DAVID DiGUGLIELMO, et al., | : NO. 05-CV-6383 |
| Respondents | : |

REPORT AND RECOMMENDATION

M. FAITH ANGELL
UNITED STATES MAGISTRATE JUDGE                                   March 1, 2007

Presently before this court is a *pro se* petition for writ of habeas corpus filed, pursuant to 28 U.S.C. §2254, by a state prisoner. Petitioner is currently incarcerated at State Correctional Institution ["SCI"] Graterford, Pennsylvania, where he is serving an aggregate prison term of 13 ½ to 32 years for Aggravated Assault, Unlawful Restraint, and Rape.

BACKGROUND

On December 11, 1981, Joseph W. Farmer, Petitioner, was arrested and charged with Aggravated Assault, Unlawful Restraint, and Rape[1], of a co-worker, Ms. Rosalie Gutzan, on the evening of December 10, 1981. *State Court Record*: Trial Court Opinion dated October 12, 2004[2] at p.1. A jury found Mr. Farmer guilty of these offenses on May 10, 1982, and on January 24, 1983, he was sentenced to an aggregate term of 13 ½ to 32 years imprisonment. *Id.* at p.2.

Petitioner filed a direct appeal to the Pennsylvania Superior Court on June 7, 1983, which affirmed his conviction on August 15, 1985. The Pennsylvania Supreme Court denied *allocatur* on October 30, 1986.

---

[1] 18 Pa. C.S.A. 969, 970 and 971 respectively.
[2] Identified as "D-43" at bottom of page.

1

Mr. Farmer then filed several *pro se* PCRA[3] petitions between July 20, 1987 and February 23, 1993 – all of which were dismissed. Petitioner appealed the dismissal of his third PCRA petition to the Pennsylvania Superior Court on March 26, 1993, which affirmed his sentence on February 1, 1994. Petitioner sought discretionary review in the Pennsylvania Supreme Court on March 3, 1994, which denied *allocatur* on July 27, 1994. *State Court Record*: Trial Court Docket Entries for March 26, 1993, March 3, 1994, and July 27, 1994. Mr. Farmer did not file another motion for appeal or other post-conviction relief until September, 2002.

On September 16, 2002, Petitioner filed a Motion for Post-Conviction DNA Testing under the PCRA. The trial court held a hearing on April 13, 2004 and denied Petitioner's request for DNA testing on August 11, 2004. *State Court Record*: Trial Court Opinion dated October 12, 2004[4] at p.3. Petitioner appealed to the Superior Court, which affirmed on March 16, 2005. *State Court Record*: Superior Court Opinion dated March 16, 2005 at p.4. Petitioner sought discretionary review in the Pennsylvania Supreme Court. *Allocatur* was denied on October 26, 2005. *State Court Record*: Order dated October 26, 2005.

Petitioner signed and dated this habeas petition on December 10, 2005 and it was filed in this court on December 12, 2005.[5] He raises two arguments attacking Pennsylvania's statute authorizing post-conviction DNA testing as unconstitutional *ex post facto* law, and two arguments that the Commonwealth acted in bad faith in failing to preserve certain evidence and in failing to disclose allegedly exculpatory evidence. *Id.*

---

[3] Post Conviction Relief Act, 42 Pa. C.S.A. §9541 et seq.
[4] Identified as "D-43" at bottom of page.
[5] For purposes of this Report & Recommendation, under the prison mailbox rule, I will accept December 10, 2005, as the date of filing. *See Burns v. Morton*, 134 F.3d 109, 113 (3rd Cir. 1998).

Finally, Mr. Farmer also argues "actual innocence." *Habeas Petition*: Docket Entry #1.

On March 13, 2006, Respondents filed a response to Mr. Farmer's habeas petition, attacking the merits of the Petitioner's arguments, but first and foremost arguing that his petition is time-barred by the one-year statute of limitations imposed by 28 U.S.C. §2244. *Commonwealth's Response to Habeas Petition*: Docket Entry #8 at pp.11-30.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ["AEDPA" or the "Act"], signed into law on April 24, 1996, significantly amended the laws governing habeas corpus petitions. One of the amended provisions, §2244(d), imposes a one-year statute of limitations on state prisoners who seek federal habeas relief. A habeas petition must be filed within one year of the date on which the petitioner's judgment of conviction becomes final by the conclusion of direct review or the expiration of the time seeking such review. *See* 28 U.S.C. §2244(d)(1).[6]

In the instant case, Mr. Farmer was found guilty on May 10, 1982, and his sentence was entered on January 24, 1983. His direct appeal ended when the

---

[6] While the date on which the petitioner's conviction becomes final is typically the start date for the limitations period, the statute permits the limitation period to run from four different points in time, depending on which occurs latest. In addition to the date on which the petitioner's conviction becomes final, the start date can also run from: (1) "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;" (2) "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;" or (3) "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." See 28 U.S.C. 2244(d)(1)(A)-(D).

3

Pennsylvania Supreme Court denied *allocatur* on October 30, 1986. His conviction became final 90 days later on January 30, 1987. *Kapral v. United States*, 166 F.3d 565, 575-577 (3rd Cir. 1999)(If a petitioner files appeals through the Pennsylvania Supreme Court, his conviction becomes final when the 90-day period for seeking *certiorari* to the United States Supreme Court expires.)

In applying the habeas statute of limitations to convictions which became final before AEDPA was signed into law, the Third Circuit has held that habeas petitions filed on or before April 23, 1997, may not be dismissed for failure to comply with the §2244(d)(1) time limit. *Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998). AEDPA's one-year statute of limitations begins to run on April 24, 1996 (the date of AEDPA's enactment) for a petitioner whose conviction became final before that date. Taking this into account, Mr. Farmer had until April 23, 1997 to file his habeas petition.

Between April 24, 1996 and April 23, 1997, Mr. Farmer did not file any appeals or other requests for post-conviction relief. Further, Petitioner did not file this habeas petition until December 10, 2005. The petition is therefore untimely, being in violation of the one-year statute of limitations under §2244.

A. <u>Statutory Tolling</u>

The AEDPA amendments include a tolling provision which excuses certain qualified periods of time from the calculation of the statute of limitations period. *See* 28 U.S.C. §2244. Statutory tolling includes "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *See* 28 U.S.C. §2244(d)(2).

Although Mr. Farmer did file several PCRA petitions as of July 27, 1994, none of

4

these PCRA petitions were still pending. *Lawrence v. Florida*, No. 05-8820, 2007 WL 505972 at *4 (2007)(State review ends for tolling purposes when the state courts have finally resolved an application for post-conviction relief).  A PCRA petition only tolls the statute of limitations if it is filed while the habeas statutory period is running, and only if it is properly filed. *See* 28 U.S.C. §2244.  Since Mr. Farmer had nothing pending during the one-year statute of limitations period (April 24, 1996 to April 23, 1997), statutory tolling is not considered. [7]

B. <u>Equitable Tolling</u>

The one-year statute of limitations period under §2244(d) is also subject to equitable tolling.

> "Equitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a time period] unfair.'  Generally, this will occur when the petitioner has 'in some extraordinary way ... been prevented from asserting his or her rights.'  Moreover, to be entitled to equitable tolling, '[t]he petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.'  Mere excusable neglect is not sufficient." *Brown v. Shannon*, No. 01-1308, 2003 WL 1215520 at *4 (3d Cir. March 17, 2003)(citations omitted).

Equitable tolling may be appropriate where: "(1) the defendant has actively misled the plaintiff; (2) if the plaintiff has 'in some extraordinary way' been prevented from asserting his rights; or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." *Jones v. Morton*, 195 F.3d 153, 159 (3rd Cir. 1999).

In the final analysis, federal review, on an equitable basis, of an untimely habeas petition is limited to the "rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." *Id.*

---

[7] Mr. Farmer's Motion for DNA Testing under the PCRA was not filed until 2002, after his habeas statute of limitations had expired.  Thus, it cannot provide a basis for statutory tolling.

5

Mr. Farmer asserts "actual innocence" as one of his habeas claims.[8] To the extent that this can be read as alleging a basis for equitable tolling of the habeas statute of limitations, Petitioner has not met his burden of proof.

The question of whether there is an "actual innocence" exception to the AEDPA statute of limitations has not yet been decided by either the United States Supreme Court, or the Third Circuit.  *See e.g.*, *LaCava v. Kyler*, 398 F.3d 271, 274 n.3 (3rd Cir. 2005)(declining to address whether petitioner's actual innocence claim could overcome the AEDPA time bar) and *Hussman v. Vaughn*, 67 Fed. Appx. 667, 2003 WL 1924693 at *2 (3rd Cir.)(finding that the petitioner had no basis to assert a claim of actual innocence and declining to address the issue of whether there is an actual innocence exception to the habeas statute of limitation), *cert. denied*, 540 U.S. 930 (2003).

Assuming *arguendo* that there is such an exception to the AEDPA statute of limitations, in order to establish actual innocence,

> "a habeas petitioner must 'persuade the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.' *Cristin v. Brennan*, 281 F.3d 404, 420 (3rd Cir. 2002)(quoting *Schlup v. Delo*, 513 U.S. 298, 329, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)).  Actual innocence means 'factual innocence, not mere legal sufficiency.' *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998).  The Supreme Court has required a petitioner 'to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.' *Schlup*, 513 U.S. at 324, 115 S.Ct. 851 (emphasis added); *see also Cristin*, 281 F.3d at 420.  'Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.' *Schlup*,

---

[8] To the extent that Petitioner seems to be arguing actual innocence as an independent basis for habeas relief, free-standing claims of actual innocence are not reviewable in habeas actions.  A claim of actual innocence is merely a gateway – the petitioner must allege at least one separate constitutional violation.  *See Herrera v. Collins*, 506 U.S. 390, 400, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993)("Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding.").

513 U.S. at 324, 115 S.Ct. 851; *see also Wertz v. Vaughn*, 228 F.3d 178, 193 (3rd Cir. 2000)(noting that the actual innocence exception 'will apply only in extraordinary cases.')." *Sweger v. Chesney*, 294 F.3d 506, 522-23 (3rd Cir. 2002).

Nowhere in Mr. Farmer's actual innocence argument does he suggest that his habeas petition should be considered on the merits, in spite of the petition being time-barred, because of newly discovered evidence that would have swayed a reasonable jury.[9] Petitioner argues that the state withheld a police laboratory report (dated December 18, 1981) which reflected the blood types that could be discerned from bodily fluid samples recovered from the victim. He contends that the report which shows "A" and "H" blood group substances, indicates "an unknown genetic source, not that of Petitioner." *Memorandum in Support of Habeas Petition* at p.27. Mr. Farmer alleges that he is blood type "B" and that only blood type "O" secretes "H" antigens. Petitioner had possession of this lab report by September 16, 2002 at the latest, when he attached it to his motion for post-conviction DNA testing. Therefore, it is not "newly discovered evidence."

Assuming *arguendo* that his actual innocence argument could be evaluated on its merit, Mr. Farmer's position is illogical. At trial, Petitioner admitted to having intercourse with the victim, but argued that it was consensual. *Memorandum in Support of Habeas Petition* at pp. 2, 19-20. However, in his habeas petition, Mr. Farmer's actual innocence argument claims that had the jury seen certain DNA evidence, "the result of the proceeding would have been different." The problem with Petitioner's position, of course, is that DNA evidence cannot prove an issue of consent, and would not have

---

[9] To the extent that Petitioner is arguing that the habeas statute of limitations should not have run due to the exception for claims with factual predicates that were discovered only recently and that could not have "been discovered through the exercise of due diligence" earlier, *see* 28 U.S.C. §2244(d)(1)(D), this exception does not apply in this case. Petitioner does not have any new facts that were previously unavailable to him.

7

helped his argument at his trial.

As a factual matter, Petitioner is incorrect when he argues that the December 18, 1981 laboratory report excludes him as having sex with the victim. Individuals with blood types "A," "B," "AB" and "O," who are "secretors," secrete "H" antigens. The "A" and "H" antigens could have come from the victim. *See House v. Bell*, 126 S.Ct. 2064, 2072 (2006) and *House v. Bell*, 2005 WL 779581 at *18-20 (Amicus Brief in Support of Petitioner)(April 4, 2005). This report is not, as Mr. Farmer argues, exculpatory.

Mr. Farmer's actual innocence argument has no merit and should not excuse the statute of limitations bar under 28 U.S.C. §2254.[10]

### RECOMMENDATION

For the reasons stated above, it is recommended that Mr. Farmer's Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. §2254, be DENIED AND DISMISSED AS TIME-BARRED. It is further recommended a finding be made that there is no probable cause to issue a certificate of appealability.

BY THE COURT:

S/M. FAITH ANGELL
M. FAITH ANGELL
UNITED STATES MAGISTRATE JUDGE

---

[10] To the extent that Petitioner also appears to attack Pennsylvania's DNA Statute, 42 Pa. C.S. §9543.1, as being an unconstitutional *ex post facto* law, his argument has no impact on the effect of the §2254 statute of limitations because Petitioner is being held in custody due to his conviction at trial, not as a result of the DNA Statute itself.

8