# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH W. FARMER** | : | |
| | : | |
| v. | : | CIV. NO. 05-6383 |
| | : | |
| **DAVID DiGUGLIELMO et al.** | : | |

## O R D E R

AND NOW, this 30th day of April, 2007, upon consideration of the pleadings and the record herein, and after review of the Report and Recommendation of M. Faith Angell, United States Magistrate Judge, it is ORDERED that:

(1) The Report and Recommendation is **APPROVED and ADOPTED**;

(2) Petitioner's Objections to the Report and Recommendation are **OVERRULED**;

(3) The Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254 is **DENIED and DISMISSED AS TIME-BARRED** under 28 U.S.C. § 2244(d)(1);

(4) Even if I were to consider Petitioner's claim of "actual innocence" as a basis for equitable tolling of the habeas statute of limitations, Petitioner has not shown that, "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Sweger v. Chesney, 294 F.3d 506, 522 (3d Cir. 2002) (quoting Cristin v. Brennan, 281 F.3d 404, 420 (3d Cir. 2002)). Petitioner contends that had the jury seen certain DNA evidence, he would have been acquitted. Petitioner admitted at trial, however, to having had intercourse with the victim. DNA evidence is not relevant to the issue of consent, and could not altered the jury's verdict. Because Petitioner has not shown actual innocence, equitable tolling is

1

inapplicable;

(5) There is no probable cause to issue a certificate of appealability; and

(6) The Clerk's Office shall close this case for statistical purposes.

IT IS SO ORDERED.

*/s Paul S. Diamond, J.*

_____
Paul S. Diamond, J.